UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | |
|---|---|
| LARRY E. WATKINS, | ) |
| Plaintiff, | ) Civil Action No. 3: 09-09-DCR |
| V. | ) |
| ROB HOWERTON, in his Official Capacity as Warden, et al., | ) **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Larry E. Watkins is currently confined in the Blackburn Correctional Complex ("BCC") in Lexington, Kentucky. Watkins has filed a *pro se* petition seeking a writ of habeas corpus under 28 U.S.C. § 2241.[1] The named respondents are: (1) Rob Howerton, the Warden of the BCC; (2) Phillip J. Shepherd, Judge of the Franklin Circuit Court; (3) Caroline Mudd, Chairperson of the Kentucky Parole Board; and (4) the Kentucky Parole Board.

This matter is pending for initial screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, \*1 (6th Cir. 2002). As the Petitioner is appearing *pro se*, his petition is held to a less stringent standard than the standard to which attorney petitions are held. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in the petition are taken as true and liberally construed in his

---

1. Watkins has submitted a pre-printed § 2241 petition form. [Record No. 2, pp. 1-15] He has supplemented the petition with a ten-page handwritten memorandum. [Record No. 2-2, pp. 1-10] Watkins also has submitted approximately seventy-five pages of other materials.

favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). A district court may dismiss a petition at any time, or make any such disposition as law and justice require, if the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

### I.     Background

In 1986, Watkins was convicted of assault in the first degree, possession of a handgun by a convicted felon, and being a first degree felony offender. He received a life sentence. In 1988, Watkins was convicted of escape in the second degree and received a one-year sentence to run concurrently with his previous sentence.

On November 30, 2006, the Kentucky Parole Board granted Watkins parole. [*See* Record No. 2-4, p.2] Subsequently, his parole was revoked and then reinstated in August 2002. At that time, he agreed not to use or possess any alcoholic beverages, volatile substances, narcotics, or controlled substances unless prescribed to him by a licensed physician. [*See* Record No. 2-6, p.5] (Summary of Watkins' criminal history as set forth in April 22, 2004 Order of Franklin Circuit Court, in Civil Action No. 03-CI-1549). However, while on parole, Watkins was cited for drinking beer in public and loitering. [Record No.2-4, p.11] The police officer notified Watkins' parole officer of the charges and arrested him on the charges. [*Id.*] Watkins alleges that his parole officer agreed to have him placed in a Substance Abuse Program ("SAP") instead of revoking his parole.[2] [Record No. 2-6, p.2]

---

2.     The document to which Watkins refers, the "Violation Response/Imposition of Intermediate Sanctions" clearly advised Watkins, in the section entitled "Sanctions to be Imposed" that ". . . (3) if subject ineligible for RCCSAP, will redocket for Preliminary Parole Revocation Hearing." [*Id.*]

Watkins alleges that the public drinking and loitering charges were dismissed on October 18, 2007, in Jefferson Circuit Court. [Record 2-6, p. 13] However, notwithstanding this dismissal, he was called to appear in November before the Kentucky Parole Board for a Parole Revocation Preliminary Hearing. [Record No. 2-7, pp. 1-3] The "Findings of Fact and Conclusions of Law" from that hearing state that, based upon the public drinking and loitering charges, there was probable cause to believe that Watkins had violated the terms of his parole. [Record No. 2-7, p.1] The case was then referred for a Final Revocation Hearing. [*Id.*, p.2] Watkins was given a thirty-six-month deferment, with a new parole date of November 10, 2010. [*See* "Results of Final Parole Revocation Hearing," Record No. 2-7, p.7] He petitioned the Kentucky Parole Board for reconsideration of the decision, but his requests were denied. [Record No. 2-8, p.7]

On November 30, 2007, Watkins filed a "Petition for Writ of Mandamus" in the Franklin Circuit, in an attempt to have the revocation decision overturned. Civil Action No. 07-CI-1935 (Hon. Phillip J. Shepherd, presiding) ("Franklin Circuit Petition"). Apparently unsatisfied with the rate of progress in the Franklin Circuit Court, Watkins filed a petition for a writ of mandamus in the Kentucky Court of Appeals on December 20, 2007. *Watkins-El v. Hon. Phillip J. Shepherd, Judge, et al,* Case No. 2007-CA-002556 ("Court of Appeals Petition"). On April 24, 2008, the Kentucky Court of Appeals entered an Order denying Watkins' petition.[3] [*See* Court of Appeals Petition Docket Entry No. 26] An attachment to Watkins' current § 2241 petition

---

3.   The Court takes judicial notice of this activity by review of the Kentucky Court of Appeals' official website, *available at* http://apps.kycourts.net/coa_public/CaseInfo.

indicates that in 2008 he filed a *second* petition seeking mandamus relief from the Kentucky Court of Appeals. On September 19, 2008, the Court of Appeals entered another Order denying Watkins' petition for a writ of mandamus. *Larry E. Watkins-El v. Hon. Phillip J. Shepherd, Judge, et al*, Case No. 2008-CA-972-OA.

As of April 9, 2009, review of the Docket Sheet from Civil Action No. 07-CI-1935 indicates that Watkins' Petition is still pending in the Franklin Circuit Court. Watkins filed a "Motion for Summary Judgment" on March 13, 2008. However, the last activity noted on the Franklin Circuit Court "Case History" is a "Notice of Change of Address" filed on October 22, 2008. Watkins filed the current §2241 petition in this Court on February 27, 2009, arguing that revocation of his parole violated the Due Process Clause of the Fourteenth Amendment of the United States Constitution. As remedy, he asks the Court to appoint him counsel and to conduct an evidentiary hearing, and/or a "Preliminary Revocation Hearing or Final Hearing." [Record No. 2, p. 15; Record No. 22-p. 10] Ultimately, he seeks release from custody.

**II.    Analysis**

A challenge to the execution of a sentence is properly brought under 28 U.S.C. § 2241. However, the petitioner is required first to exhaust his state court remedies. *See Urbina v. Thoms*, 270 F.3d 292, 295 n. 1 (6th Cir.2001) (recognizing exhaustion requirement for petitions filed under 28 U.S.C. § 2241); 28 U.S.C. § 2254(b)(1)(A). In affirming the dismissal of an action brought under § 2241 for failure to exhaust, the Sixth Circuit has stated:

> Kentucky provides a remedy for such claims via mandamus actions. *See* K.R.S. § 439.440; *Allen v. Wingo*, 472 S.W.2d 688 (Ky. 1971) (mandamus is the proper remedy for abuse of authority by a parole board in connection with revocation of parole). In light of [Petitioner's] available state court remedy, and the adequacy of that remedy in providing the relief requested, exhaustion would not be futile. *See*, *e.g.*, *McKart v. United States*, 395 U.S. 185, 200 (1969); *Goar v. Civiletti*, 688 F.2d 27, 28-29 (6th Cir. 1982).

*Carty v. Runda*, 966 F.2d 1451 (6th Cir. 1992) (unpublished disposition).[4] In this case, Watkins has filed a petition in the Franklin Circuit Court, so he has properly *begun* the exhaustion process. However, the process is not yet *completed*. Watkins must obtain a ruling from the Franklin Circuit Court. If he receives an adverse ruling at that level, he must appeal that ruling through the Kentucky appellate courts. Then and only then can he seek relief in this Court *via* § 2241.

Another consideration warrants mentioning. Absent full adjudication of the parole revocation issue in the Kentucky Courts, this Court must abstain from interfering with the Franklin Circuit petition or Kentucky Court of Appeals mandamus proceeding. The abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971), provides that when state proceedings are pending, principles of federalism dictate that the constitutional claims should be raised and decided in state court without interference by the federal courts. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 17 (1987); *Tindall v. Wayne County Friend of the Court*, 269 F.3d

---

4.   *See also Daniel v. Lindamood*, 2009 WL 152738 (E. D. Tenn.) (Slip Opinion) (Daniel's § 2241 petition for federal habeas relief was dismissed because he failed to exhaust his available remedies); *Collins v. Million*, 121 F. App'x 628, 630 (6th Cir.2005) (unpublished table decision) (holding that state court remedies must first be exhausted under either § 2254 or § 2241); *Seaton v. Kentucky*, 92 F. A'ppx 174 (6th Cir.2004) (unpublished table decision) (upholding dismissal for failure to exhaust state court remedies.); *Graham v. Snyder*, 68 F. App'x 589 (6th Cir.2003), (unpublished table decision) ("A federal prisoner must exhaust all available administrative remedies before filing a § 2241 suit."); *Skinner v. Wiley*, 355 F.3d 1293 (11th Cir.2004) ("We agree with the reasoning of our sister circuits and hold that prisoners seeking habeas relief, including relief pursuant to § 2241, are subject to administrative exhaustion requirements.").

533, 538 (6th Cir.2001). Three requirements must be met for *Younger* abstention to apply: (1) there must be an ongoing state judicial proceeding; (2) the proceeding must implicate important state interests; and (3) there must be an adequate opportunity in the state proceeding to raise constitutional challenges. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Kelm v. Hyatt*, 44 F.3d 415, 419 (6th Cir.1995). All three criteria are satisfied here. If the state courts afford Watkins the relief he seeks, it may be unnecessary for him to resort to relief in this Court by way of a § 2241 petition.

### III. Conclusion

Until the state court process runs its course, this Court is not authorized to interfere with Watkins' ongoing state mandamus proceeding *via* a § 2241 petition under the exhaustion and abstention doctrines. Accordingly, it is hereby

**ORDERED** as follows:

(1) Petitioner Larry E. Watkins' Petition for Writ of Habeas Corpus [Record No. 2] is **DENIED**.

(2) This action is **DISMISSED**, without prejudice. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This 13th day of April, 2009.



Signed By:
Danny C. Reeves DCR
United States District Judge